UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JEANNINE PICHON                                CIVIL ACTION

VERSUS                                         NO: 09-1700

NATIONAL FLOOD INSURANCE                       SECTION: J
PROGRAM


## ORDER AND REASONS

Before the Court is Defendant National Flood Insurance Program's **Motion to Dismiss, or, Alternatively, for Summary Judgment (Rec. Doc. 15)** and supporting memoranda, as well as Plaintiff Jeannine Pichon's **Opposition to Defendant's Motions (Rec. Doc. 19)**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

On or about August 29, 2005, Jeannine Pichon ("Plaintiff") received flood water in her house located in Slidell, Louisiana. This property was covered by a Standard Flood Insurance Policy ("SFIP"), which was issued by the Federal Emergency Management Agency ("FEMA"). Shortly after the storm, Plaintiff made a claim for damage to the property. FEMA, through its agent CNC Resource ("CNC"), inspected Plaintiff's property and made an initial payment of $31,951.38 to Plaintiff. Following this payment, Plaintiff submitted a handwritten letter outlining reasons as to why she believed she was entitled to additional proceeds. Upon receipt of this letter, CNC released a supplemental report.

Based on this supplemental report, FEMA paid Plaintiff an additional $5,242.52. According to Plaintiff, these payments were "woefully short of the damages actually suffered" to her property. Rec. Doc. 19, p.1. As a result, Plaintiff filed suit against the National Flood Insurance Program ("NFIP" or "Defendant") alleging breach of contract under the SFIP policy.

## THE PARTIES' ARGUMENTS

Defendant argues that Plaintiff's claims should be dismissed because she has failed to allege facts that demonstrate a waiver of sovereign immunity, and she has failed to comply with the provisions of the SFIP. Defendant asserts that according to the SFIP, Plaintiff was mandated to file a sworn proof of loss statement within a year of Hurricane Katrina. This, according to Defendant, is a condition precedent to filing suit against the government under the National Flood Insurance Act ("NFIA"). Because Plaintiff did not file this sworn proof of loss, Defendant argues that absent a waiver of sovereign immunity, Plaintiff's claims should be dismissed for lack of subject matter jurisdiction or by summary judgment for failing to satisfy the requirements necessary to bring this action. Alternatively, Defendant argues that even if this Court found that Plaintiff did file a sworn complaint her action should be limited to those claims listed in the statement.

Plaintiff, on the other hand, argues that her handwritten

letter suffices as a sworn proof of loss statement because strict compliance in drafting the letter is not required. In the alternative, Plaintiff argues that if this Court were to find that she has not submitted a valid sworn proof of loss statement, Defendant's summary judgment motion is premature because Defendant has left open the possibility of waiving the proof of loss requirement. Plaintiff also claims that if Defendant does not waive the requirement, she has a claim for violation of due process and equal protection under the U.S. Constitution because Defendant has arbitrarily waived this requirement for others without citing any consistent standard.

## DISCUSSION

As set forth by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is whether the plaintiffs have stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiffs are entitled to relief. <u>See</u> also <u>Lowrey v. Texas A & M University System</u>, 117 F.3d 242, 247 (5th Cir. 1997) (stating the standard is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief"). In reviewing a Rule 12(b)(6) motion, the Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. <u>Tanglewood East Homeowners v.</u>

3

Charles-Thomas, Inc., 849 F.2d 1568, 1572 (5th Cir. 1988). Nevertheless, when matters outside the pleadings are presented to, and not excluded by the Court, the Court must convert a motion to dismiss into one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Bolen v. Dengel, 340 F.3d 300, 312 (5th Cir. 2003).

Given that this Court has taken into consideration matters outside the pleadings, and the Defendant has filed an Alternative Motion for Summary Judgment, this matter will be reviewed under the summary judgment standard. Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

Plaintiff's suit relates to claims for flood losses covered by the NFIP. The NFIP is a federally subsidized program created by Congress pursuant to the National Flood Insurance Act of 1963, 42 U.S.C. § 4001, et. seq. The NFIP was created to provide flood insurance due to private insurance companies' inability to

provide flood insurance on an economically feasible basis.

The law governing recovery for flood loss under the NFIP is well settled. McGowan v. NFIP, Civ. No. A. 09-1944 (E.D. La. Sep. 11, 2009) (citing Marseilles Homeowners Condominium Ass., Inc. v. Fidelity Nat'l Ins. Co., 542 F.3d 1053 (5th Cir. 2008); Wright v. Allstate, Ins. Co., 415 F.3d 384, 387-88 (5th Cir. 2005); Gowland v. Aetna, 143 F.3d 951, 954 (5th Cir. 1998); Forman v. FEMA, 138 F.3d 543, 545-46 (5th Cir. 1998)). Regulations governing the NFIP contain provisions that are strictly enforced. In fact, no provision of a SFIP can be waived without the express written consent of the Federal Insurance Administrator. Marseilles Homeowners Condominium Ass., Inc. v. Fidelity Nat'l Ins. Co., 542 F.3d 1053 (5th Cir. 2008) (citing 44 C.F.R. pt. 61, app. A(1) art. VII(D)). Further, individuals covered by an SFIP policy cannot file a lawsuit under the NFIP unless they have complied with all SFIP provisions. Richardson v. Am. Baners. Ins. Co. of Fla., 279 Fed. Appx. 295, 298 (5th Cir. 2008) (citing 44 C.F.R. pt. 61, app. A(1) art. VII(R)).

Included in the SFIP provisions is a requirement that the insured submit a signed and sworn proof of loss statement, which essentially acts as the insured's statement as to the amount he is claiming under the policy. 44 C.F.R. pt. 61, app. A(1) art. VII(J). According to the regulations, this statement, among other things, should provide: the date and time of the loss; a

5

brief explanation of how the loss happened; the insured's interest and the interest of others in the damaged property; details of any other insurance that may cover the loss; and changes in title or occupancy of the covered property during the term of the policy.  Id.

The Fifth Circuit Court of Appeals has enforced this requirement strictly and has held that failure to provide a complete sworn proof of loss statement "relieves the federal insurer's obligation to pay what otherwise might be a valid claim."  Id. at 299 (citing Gowland v. Aetna, 143 F.3d 951, 954 (5th Cir. 1998)); see also Marseilles, 542 F.3d at 1056.  The Court has therefore rejected claims of substantial compliance and constructive waiver regarding the sworn proof of loss requirement.  See, e.g., Richardson v. Am. Baners. Ins. Co. of Fla., 279 Fed. Appx. 295, 298 (5th Cir. 2008).

After receiving an initial payment from FEMA, Plaintiff submitted a letter to CNC, the adjuster handling her SFIP claim, on or about March 17, 2006.  This letter listed her name, her claim number, her adjuster's name, and multiple items she apparently disputed from the adjuster's first report.  Plaintiff claims this letter suffices as her sworn proof of loss statement. Unfortunately for Plaintiff, this letter falls short of the strict requirements set out in the SFIP for a proof of loss statement.  Specifically, although the letter is signed, it is

not "sworn to" in any manner.  Further, the letter does not provide the date and time of the loss, an explanation of how the loss happened, her interest in the property, or information regarding any other possible insurers of the property - all of which are required in a proof of loss statement.  44 C.F.R. pt. 61, app. A(1) art. VII(R).  Therefore, there exists no genuine issue of material fact as to whether Plaintiff filed a valid proof of loss statement.  As a result, Defendant is correct in stating that Plaintiff's failure to comply with this provision should result in a dismissal pursuant to Rule 56.

Plaintiff also asserts that if she has not satisfied the proof of loss requirement, she has a claim for violation of due process and equal protection under the U.S. Constitution because NFIP waives the proof of loss requirement on a "case by case" basis.  In <u>Wientjes v. American Bankers Ins. Co. of Florida</u>, No. 08-31212, 2009 WL 2391407 at *3 (5th Cir. Aug. 5, 2009), this same argument was rejected.  Similar to the plaintiff in <u>Wientjes</u>, Plaintiff cites no binding or persuasive legal authority for the proposition that the arbitrary waiver of the proof of loss requirement violates the constitutional rights of the insured.

Finally, Plaintiff argues that Defendant's motion for summary judgment is premature because there exists a material issue of fact as to whether NFIP has and/or will waive the proof

7

of loss requirement.  Plaintiff claims that NFIP has left open the possibility that it would waive the proof of loss requirement because NFIP has not expressly told her that she does not qualify for a waiver.

Defendant, the moving party, has met the initial burden of demonstrating that there is no genuine issue of material fact as to whether Plaintiff submitted a valid proof of loss statement. It is therefore incumbent on Plaintiff, as the non-moving party, to establish the specific material facts in dispute to survive summary judgment. <u>Matsushita,</u> 475 U.S. at 588.  Plaintiff has failed to do so.  Further, Plaintiff is incorrect in her assertion that hearing on this motion should be continued pursuant to Federal Rule of Civil Procedure 56(f) because additional discovery is needed regarding the question of "[w]hy she has not received a waiver in this case[] while other similarly situated claimants have received waivers."  Rec. Doc. 17, p. 5.

As stated above, Plaintiff does not have a valid claim regarding the arbitrariness of the NFIP's decisions to waive its proof of loss requirement.  Therefore, the question of "[w]hy [Plaintiff] has not received a waiver in this case, while other similarly situated claimants have received waiver," is irrelevant.  Additional discovery related to this question would be fruitless as the answer thereto will not change this Court's

decision as to Defendant's motion for summary judgment.

Therefore, Defendant's **Motion to Dismiss, or, Alternatively, for Summary Judgment (Rec. Doc. 15)** is hereby **GRANTED**.

Accordingly,

**IT IS ORDERED** that all Plaintiff's claims against Defendant are hereby **DISMISSED**, with prejudice.

_____
United States District Judge